**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| Island Oil Ltd., | § | |
| | § | |
| Plaintiff, | § | Case No. |
| | § | |
| | § | **IN ADMIRALTY** |
| vs. | § | |
| | § | |
| | § | |
| M/V HADEEL, | § | |
| IMO No. 9406087, her engines, freight, | § | |
| apparel, appurtenances, and tackle, *in rem* | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S VERIFIED COMPLAINT**

COMES NOW, Plaintiff, Island Oil Ltd. (hereinafter "Plaintiff" or "Island Oil"), by and through undersigned counsel, as and for its Verified Complaint against the Defendant, M/V HADEEL, IMO No. 9406087, her engines, freight, apparel, appurtenances, and tackle, etc., *in rem* (hereinafter "Vessel" or "M/V HADEEL"), alleges and pleads as follows:

## I. JURISDICTION, VENUE AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Subject matter jurisdiction of this Honorable Court is based upon admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (hereinafter "Rule C").

2. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because the *in rem* Defendant, M/V HADEEL, is or will be located in the Eastern District of Louisiana.

3. At all times material hereto, Island Oil, was, and still is, a foreign business organized under the laws of the Republic of Cyprus.

4. The M/V HADEEL (IMO No. 9406087) was, and still is, an ocean-going bulk carrier, operating under the flag of Panama, and is now or soon will be within the jurisdiction and venue of the Eastern District of Louisiana, and subject to the jurisdiction and venue of this Honorable Court.

## II. FACTS

5. Island Oil brings this action to recover amounts due and owing as a result of the Vessel's non-payment of maritime necessaries.

6. On or about February 13, 2026, charterers of the Vessel, Hamburg & London Maritime Services Ltd. (hereinafter "Charterers"), contacted Island Oil to negotiate for the supply of bunkers to the Vessel in Singapore via WhatsApp message. *See* Exhibit A.

7. On or about February 18, 2026, Island Oil asked Charterers for approval to "fix" (supply the Vessel with bunkers), and Charterers instructed Island Oil to "go ahead with the best [Island Oil] can." *See* Exhibit B.

8. On February 20, 2026, Island Oil supplied the Vessel with 549.5120 metric tons of Very Low Sulfur Fuel Oil (VLSFO) at 0.50% and 48.9610 metric tons of Low Sulphur Marine Gas Oil (LSMGO) at 0.1%, as scheduled, in Singapore.

9. The Vessel received the ordered bunkers without incident, as evidenced by the bunker delivery notes provided on February 23, 2026. *See* Exhibit C.

10. On February 23, 2026, Island Oil sent Charterers a Stem Bunker Confirmation that memorialized the terms of the supply, known as a "stem," and contained a hyperlink to Island Oil's Terms and Conditions. *See* Exhibit D.

11. Island Oil's Terms and Conditions contain a choice of law clause (Clause 25.1) stating that "[t]he General Maritime Law and the applicable federal laws of the United States of America shall apply with respect to the existence of a maritime lien," and an arbitration clause for London arbitration under the LMAA Terms. *See* Exhibit E, Island Oil T&Cs Clauses 25.2 and 25.3.

12. On February 20, 2026, Island Oil issued an Invoice to Charterers in the amount of USD $361,297.44 for 549.5120 metric tons of VLSFO MAX S at 0.50% and 48.9610 metric tons of LSMGO MAX S 0.10%. *See* Exhibit F.

13. As of the date of this filing, Island Oil has not received payment for the supply of either bunker, for an aggregate principal of approximately USD $361,297.44.

14. The bunkers delivered to the Vessel were necessary for its operation of the Vessel and allowed it to trade worldwide as a commercial ship. The Vessel's Charterers and officers, representatives, and agents were authorized to order the necessaries for the Vessel.

15. As a result of the foregoing, Island Oil has a maritime lien on the M/V HADEEL for the provision of necessaries, *i.e.* bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C.

16. Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services.

17. Notwithstanding, the principal sum of USD $361,297.44, plus applicable pre-judgment interest, costs and attorneys' fees, remains indisputably due and owing for the bunkers supplied to the Vessel under the relevant bunker supply contract.

## III. ALLEGATIONS IN SUPPORT OF RULE C ARREST

18. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

19. Under Clause 25.1 of the Terms and Conditions governing the contract for the sale of bunkers to the Vessel, the general maritime law of the United States applies to this claim. *See* Exhibit E, pg. 20.

20. Plaintiff's claim for the aggregate principal amount of USD $361,297.44, plus interest and costs, attaches as a maritime lien. Accordingly, Plaintiff may and does now seek enforcement of this maritime lien for the supply of necessaries, *i.e.* bunker fuel, under the provisions of 46 U.S.C. §§ 313341 *et seq.*, which is enforceable against the Vessel *in rem*.

21. Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common in Rule C arrests for security to be set at one and a half (1.5) times the value of the fairly stated claim, and therefore Plaintiff seeks an order of arrest of the Vessel in the amount of USD $541,946.16. *See* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, fees, etc.).

22. Plaintiff seeks to enforce its maritime lien by arresting the M/V HADEEL within this district, pursuant to Rule C.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Island Oil Ltd., prays as follows:

A. that process in due form of law, according to the practice of this Honorable Court in matters of admiralty and maritime jurisdiction, be issued against Defendant, the M/V HADEEL, and it be cited to appear and answer the allegations of this Verified Complaint;

B. that this Honorable Court enter an order of *in rem* arrest for the M/V HADEEL pursuant to Rule C to enforce Plaintiff's maritime lien, and that the Vessel be seized by the U.S. Marshals Service and held as security against any judgment to be entered herein;

C. that judgment be entered in favor of Plaintiff and against Defendant, the M/V HADEEL, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, for the amount pled herein, as well as for interest, costs, attorney fees, and disbursements for this action; and

D. that the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated: November 5, 2026
New Orleans, Louisiana

Respectfully submitted

*/s/ Frederick W. Swaim III*___________

FREDERICK W. SWAIM III (#28242)
FRASER K. MITCHELL (#41872)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, Suite 4000
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456
fswaim@gallowaylawfirm.com
fmitchell@gallowaylawfirm.com

Attorneys for Plaintiff, *Island Oil Ltd.*